UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80338-CIV-COHN-SELTZER

MOHAMMED S. ALI,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Corrected Motion to Dismiss Plaintiff's Complaint and Memorandum in Support [DE 32, 32-1] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Plaintiff's Response [DE 37], Defendants' Reply [DE 40], Plaintiff's Supplemental Response [DE 43], Defendants' Reply to the Supplemental Response [DE 44], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On September 10, 2010, Plaintiff Mohammed S. Ali filed his Second Amended Complaint [DE 30] seeking declaratory and injunctive relief from Defendants' denial of his Application to Register Permanent Residence or Adjust Status. Plaintiff, a citizen of Bangladesh, arrived in the United States on or about December 1998, as a stowaway on a ship. He "actually and intentionally evaded inspection by an immigration officer at the nearest inspection point when disembarking the ship," Sec. Am. Compl. ¶ 32, and entered the United States. Currently, Plaintiff resides in Palm Beach County, Florida.

On May 6, 2002, Plaintiff filed an Application to Register Permanent Residence or Adjust Status (Form I-485) ("Application") with the United States Citizenship and Immigration Services ("USCIS"). On March 19, 2010, Defendants denied Plaintiff's Application because of his alleged admitted status as a stowaway. Plaintiff nevertheless contends that he is eligible for adjustment of status pursuant to 8 U.S.C. § 1255(a) and 8 U.S.C. § 1255(i) because he is no longer a stowaway, and because "Defendants' denial of Plaintiff's application for adjustment of status is erroneous and contrary to law." Sec. Am. Compl. ¶ 34.

Based on these facts, Plaintiff's Second Amended Complaint requests that the Court (1) accept jurisdiction over this action, (2) issue a declaratory judgment that Plaintiff is not a stowaway, but that he is present in the United States without having been admitted, (3) issue a declaratory judgment that Plaintiff is eligible for adjustment of status to that of a lawful permanent resident, (4) issue a declaratory judgment that Defendants' denial of Plaintiff's Application was unlawful, and (5) award reasonable costs and attorney's fees. On September 24, 2010, Defendants moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

2

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Second Amended Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendants seek dismissal of Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. In support, Defendants argue first, that USCIS was correct to deny Plaintiff's Application because he entered the United States as a stowaway, and second, that the Court lacks jurisdiction to review any discretionary elements of USCIS's decision. In opposition, Plaintiff contends that he is eligible for adjustment of status pursuant to 8 U.S.C. § 1255(a) and 8 U.S.C. § 1255(i), and that the Court can review USCIS's denial of his Application because the decision was based on an erroneous legal interpretation.

3

### A. Section 1255(a)

Section 1255(a) allows for adjustment of status only when an alien has been inspected and admitted or paroled into the United States. 8 U.S.C. § 1255(a). Stowaways and other aliens who are inadmissible to the United States at the time of their adjustment application do not qualify for relief under § 1255. See id.; 8 U.S.C. § 1182(a)(6)(D) ("a stowaway is inadmissible"); see also Chacku v. U.S. Attorney Gen., 555 F.3d 1281, 1286 (11th Cir. 2008) (holding that the relevant date for evaluating eligibility is the date of application). Although Plaintiff concedes the fact that he arrived in the United States as a stowaway, Sec. Am. Compl. ¶ 31; Resp. to Mot. at 4, he maintains that he is no longer considered a stowaway because he lost that status when he entered the United States, Resp. to Mot. at 4-5.

This argument no longer applies, however, as it relies on the "entry" doctrine, which was abolished in 1996 when Congress amended the Immigration and Naturalization Act ("INA"). Under prior law, the entry doctrine provided that an otherwise excludable alien would be entitled to a deportation hearing if he had "entered" the United States. See Assa'ad v. U.S. Attorney Gen., 332 F.3d 1321, 1328 (11th Cir. 2003) (discussing former INA § 101(a)(13)). To prove an "entry," the alien had to demonstrate (1) a crossing into the territorial limits of the United States; (2) either (a) inspection and admission by an immigration officer, or (b) actual and intentional evasion of inspection at the nearest inspection point; and (3) freedom from official restraint. Farquharson v. U.S. Attorney Gen., 246 F.3d 1317, 1322 (11th Cir. 2001) (discussing former INA § 101(a)(13)). In 1996, Congress passed the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), 110 Stat. 3009, at *3009-546,

which amended INA § 101(a)(13) to replace the term "entry" with "admission" and "admitted," defined as the "lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A); IIRIRA, 110 Stat. 3009, at *3009-546 . The IIRIRA further amended INA § 212(a)(6)(A) to provide that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i). These amendments demonstrated Congress's "inten[tion] to replace certain aspects of the current 'entry doctrine,' under which illegal aliens who have entered the United States without inspection gain equities and privileges in immigration proceedings that are not available to aliens who present themselves for inspection at a port of entry." H.R. Rep. 104-469(I), at 225 (1996). "Hence, the pivotal factor in determining an alien's status will be whether or not the alien has been lawfully admitted," id. and not, whether the alien now resides in the United States.

In opposing the Motion to Dismiss, Plaintiff cites a number of cases relying on the out-dated entry doctrine, see, e.g., Joseph v. INS, No. 92-1641, 1993 WL 169035 (4th Cir. May 20, 1993); Matter of Patel, 20 I&N Dec. 368 (BIA 1991); Matter of Ching & Chen, 19 I&N Dec. 203 (1984); Matter of Lin, 18 I&N Dec. 219 (BIA 1982); Matter of A-, 9 I&N Dec. 356 (BIA 1961), but each of these cases was decided before the 1996 IIRIRA amendments. Plaintiff cites one unpublished Board of Immigration Appeals ("BIA") case that was decided after the 1996 IIRIRA amendments, In re: Gheorghe Olar, 2003 WL 23521847 (BIA 2003), but the facts at issue in that case all preceded the amendments. See id. Thus, the fact that the old law may have applied in Olar does not

5

render it applicable here.[1]

Under current law, a procedurally proper entry requires the alien to "physically present[] [him]self for questioning and make[] no knowing false claim to citizenship." In re Quilantan, 25 I&N Dec. 285, 293 (BIA 2010). An alien who enters the country without inspection by an immigration officer is deemed "inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i). Plaintiff concedes that he entered the country without inspection. See Sec. Am. Compl. ¶ 31; Resp. to Mot. at 4. Therefore, Plaintiff is inadmissible, and thus ineligible for adjustment of status pursuant to 8 U.S.C. § 1255(a).

### B. Section 1255(i)

Despite an alien's ineligibility under § 1255(a), he may still apply for a status adjustment if he pays a required fee and otherwise qualifies under § 1255(i). See 8 U.S.C. § 1255(i); see also Chacku, 555 F.3d at 1285-86. According to § 1255(i)(1):

> Notwithstanding the provisions of subsection[] (a) . . . an alien physically present in the United States--
> (A) who--(i) entered the United States without inspection . . .
> (B) who is the beneficiary . . . of--(i) a petition for classification under section 1154 of this title that was filed with the Attorney General on or before April 30, 2001 . . . and
> (C) who, in the case of a beneficiary of a petition for classification . . . described in subparagraph (B) that was filed after January 14, 1998, is physically present in the United States on December 21, 2000; . . .
>
> may apply to the Attorney General for the adjustment of his . . . status . . .

---

[1] In his Supplemental Response, Plaintiff argues that the Olar facts "are identical to the instant matter," Supp. Resp. at 2, and that the case "makes it unmistakably clear that an alien stowaway who has entered the United States is present without having been admitted or paroled and is therefore not inadmissible . . .," id. at 4. However, the entry doctrine that Plaintiff references no longer exists. Regardless, when the Board of Immigration Appeals reopened Olar to reconsider its ruling *sua sponte*, the new decision did not mention entry or admission, but rather dealt with the narrow issue of whether it was appropriate to charge the alien as a stowaway in a removal proceeding to which he was never entitled in the first instance. See Olar, 2003 WL 2352187.

8 U.S.C. § 1255(i)(1). However, pursuant to § 1255(i)(2), after receiving such an application and the required sum, the Attorney General may only adjust the status of the alien if:

> (A) the alien is eligible to receive an immigrant visa and *is admissible to the United States for permanent residence*; and
> (B) an immigrant visa is immediately available to the alien at the time the application is filed.

8 U.S.C. § 1255(i)(2) (emphasis added). Plaintiff maintains that he qualifies for this exception because he paid the required fee, he is the beneficiary of an approved immigrant visa petition filed on April 16, 2001, and he was physically present in the United States on December 21, 2000. Resp. to Mot. at 13. Plaintiff argues that the Attorney General may therefore evaluate the Application and adjust Plaintiff's status because an immigrant visa is immediately available to Plaintiff. Id. However, as Defendants point out, Plaintiff neglects the element of § 1255(i)(2) that allows the Attorney General to adjust the alien's status only if the alien "is admissible to the United States for permanent residence." § 1255(i)(2)(A).

"Clearly those who enter as stowaways or who cross the border by stealth are ineligible for lack of inspection." Gordon, Mailman & Yale-Loehr, Immigration Law and Procedure, § 51.02(2) (2010) (discussing inspection and admission under § 1255(i)). Plaintiff entered the United States as a stowaway and intentionally evaded inspection. See *supra*. Therefore, he is inadmissible and does not qualify for a status adjustment under § 1255(i). See § 1255(i); 8 U.S.C. § 1182(a)(6)(A)(i).

### C. Judicial Review

In accordance with the above discussion, the Court finds that the USCIS's decision to deny Plaintiff's Application based on his ineligibility for a status adjustment was not based on an erroneous interpretation of law. The Court declines to review any discretionary decisions regarding USCIS's denial of Plaintiff's Application, as 8 U.S.C. § 1252(a)(2)(B)(i) precludes judicial review of any § 1255 discretionary decisions assigned to the Attorney General.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Corrected Motion to Dismiss Plaintiff's Complaint [DE 32] is **GRANTED**. Defendants' Original Motion to Dismiss Plaintiff's Complaint [DE 31] is **DENIED as moot**. It is further

**ORDERED AND ADJUDGED** that Plaintiff may file a Third Amended Complaint or a Notice of Dismissal no later than **December 23, 2010**. Defendants' Answer will be due 15 calendar days from the filing of a Third Amended Complaint. **Plaintiff's failure to file a Third Amended Complaint may result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 9th day of December, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF