UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80338-CIV-COHN-SELTZER

MOHAMMED S. ALI,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint [DE 47] ("Motion"). The Court has considered the Motion, the Memorandum in Support of the Motion [DE 47-1], Plaintiff's Response [DE 50], Defendants' Corrected Reply [DE 55], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff Mohammed S. Ali is a Bangladesh citizen. On or about December 1998, he arrived in the United States on board a ship and disembarked the ship without presenting himself for inspection. Now, Plaintiff resides in Palm Beach County, Florida.

On or about May 6, 2002, Plaintiff filed an Application to Register Permanent Resident or Adjust Status ("I-485 Application") with Defendants. On March 3, 2010, when the United States Citizenship and Immigration Services ("USCIS") had not yet provided a decision regarding on Plaintiff's I-485 Application, Plaintiff brought this action [DE 1], requesting a decision on his application. The next day, the Court ordered Defendants to show cause why the requested relief should not be granted [DE 4]. On

March 19, 2010, USCIS denied Plaintiff's I-485 Application, concluding that he was a stowaway and was therefore inadmissible to the United States.

Thereafter, on April 16, 2010, Plaintiff filed his First Amended Complaint [DE 10], seeking review of USCIS's denial of his I-485 Application. After Defendants moved to dismiss the First Amended Complaint and the parties completed their briefing on that motion, Plaintiff filed a Second Amended Complaint [DE 30] on September 10, 2010. Again, Plaintiff's Second Amended Complaint requested review of USCIS's denial of his I-485 Application. On December 9, 2010, the Court granted Defendants' Motion to Dismiss the Second Amended Complaint [DE 45]. Plaintiff then filed his Third Amended Complaint [DE 46] on December 22, 2010. The same day, Defendants revoked Plaintiff's I-140 Petition for Alien Worker, finding that he was not actually employed by the employer for which he claimed to work.

In his Third Amended Complaint, Plaintiff alleges that Defendants' "determination that Plaintiff is inadmissible to the United States is erroneous as a matter of law and as a result, [their] decision denying Plaintiff's application for adjustment of status is contrary to law." Third Am. Compl. ¶ 26. Plaintiff therefore requests declaratory judgment that: (1) Plaintiff is not a stowaway but is present in the United States without having been admitted; (2) Plaintiff is eligible for adjustment of status to that of a lawful permanent resident pursuant to INA § 245, 8 U.S.C. § 1255; and (3) Defendants' decision to deny Plaintiff's application for adjustment of status was unlawful pursuant to 5 U.S.C. § 706. On January 6, 2011, Defendants moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Third Amended Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. ANALYSIS

Defendants seek dismissal of Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted. In support, Defendants argue that: first, USCIS was correct to deny Plaintiff's I-485 Application because he entered the United States as a stowaway; second, even if Plaintiff is not a stowaway, he is ineligible for adjustment because he failed to present himself for inspection; and third, Plaintiff is ineligible for adjustment of status because his I-140 Petition has been revoked. Defendants also highlight that the Court lacks jurisdiction to review any discretionary elements of USCIS's decision. In opposition, Plaintiff contends that he is not a stowaway, that he is eligible for adjustment of status, and that Defendants improperly revoked his I-140 Petition. As discussed below, the Court finds that Plaintiff is ineligible for adjustment of status and the Court lacks jurisdiction to review the Attorney General's discretionary decisions. Therefore, the Court will dismiss Plaintiff's Third Amended Complaint.

### A. Plaintiff is Ineligible for Adjustment of Status

Pursuant to 8 U.S.C. § 1255(a), the Attorney General may adjust an alien's status only when the alien has been inspected and admitted or paroled into the United States. 8 U.S.C. § 1255(a). Further, the Attorney General may only adjust an alien's status if the "alien is eligible to receive an immigrant visa . . . [and] . . . an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a)(2)-(3); see also § 1255(i)(2)(A)-(B). The Court finds that Plaintiff is ineligible for adjustment of status not only because he is a conceded stowaway, but also because he

was never inspected and admitted or paroled into the United States, and because an immigrant visa is no longer immediately available to him.

### 1. Plaintiff is a Stowaway

Stowaways and other aliens who are inadmissible to the United States at the time of their adjustment application do not qualify for relief under § 1255. See id.; 8 U.S.C. § 1182(a)(6)(D) ("a stowaway is inadmissible"); see also Chacku v. U.S. Attorney Gen., 555 F.3d 1281, 1286 (11th Cir. 2008). "The term 'stowaway' means any alien who obtains transportation without the consent of the owner, charterer, master or person in command of any vessel or aircraft through concealment aboard such vessel or aircraft. A passenger who boards with a valid ticket is not to be considered a stowaway." INA § 101(a)(49), 8 U.S.C. § 1101(a)(49).

Although Plaintiff's previous pleadings conceded that he arrived in the United States as a stowaway, see, e.g., Sec. Am. Compl. ¶ 31, he now maintains that he is not a stowaway, Third Am. Compl. ¶ 30. Specifically, Plaintiff's Third Amended Complaint alleges that he is not a "stowaway" under the INA definition because he "obtained transportation with the consent of the owner, charterer, master or person in command of the vessel or aircraft and was not concealed aboard such vessel or aircraft." Id.

This allegation directly contradicts Plaintiff's previous sworn testimony and documentary submissions to USCIS regarding his I-140 Petition.[1] Specifically, in

---

[1] Plaintiff incorporates USCIS's denial of his I-485 Application and USCIS's grant of his I-140 Petition by reference, and attaches both documents to his Third Amended Complaint. Thus, the Court considers the record before USCIS for the I-140 and I-485 proceedings as part of the Motion to Dismiss without converting this Motion into a motion for summary judgment. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322

Plaintiff's interview with USCIS, as part of his I-140 Petition, he stated that he arrived in the United States "on a ship, by hiding – 'stowaway.'" Exhibit 1 to Motion [DE 47-2] at 3 ("USCIS Interview"). On July 29, 2008, Plaintiff filed a "Correction to I-485 Application to Adjust to Permanent Resident Status," amending his application to reflect that he entered the United States "through New York, New York as a 'stowaway' on a ship." Exhibit 2 to Motion [DE 47-3] at 4 ("Correction to I-485"). Along with the Correction to I-485, Plaintiff attached a sworn affidavit, stating, "On April 1, 1999, I arrived in New York, New York, USA because I was a 'STOWAWAY' on a ship. I did not have a visa. I left the ship and did not return. I was not inspected by a USCIS officer . . ." Exhibit 2 to Motion [DE 47-3] at 6 ("Affidavit").

Though the Third Amended Complaint's allegations differ from Plaintiff's prior testimony and allegations, Plaintiff's suggestion that he is not a stowaway is a legal conclusion unsupported by accompanying factual allegations. When evaluating a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 120 S. Ct. at 1949. Plaintiff does submit certain declarations along with his Response, but the facts asserted in those declarations do not appear on the administrative record. In an Administrative Procedures Act ("APA") case such as this, the Court must evaluate the agency's actions based on the administrative record. See 5 U.S.C. § 706; Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 87 F.3d

---

(2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

6

1242, 1246 (11th Cir. 1996) ("The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision."). "[W]hile certain circumstances may justify going beyond the administrative record, a court conducting a judicial review is not 'generally empowered' to do so." <u>Preserve Endangered Areas</u>, 87 F.3d at 1246. Plaintiff has not demonstrated any reason that this Court should expand its review beyond the instant administrative record. Regardless, the facts contained in Plaintiff's declarations do not contradict the record evidence demonstrating that Plaintiff arrived in the United States as a stowaway.

Therefore, given that the facts support USCIS's conclusion that Plaintiff was a stowaway, he is categorically inadmissible under 8 U.S.C. § 1182(a)(6)(D). Accordingly, Plaintiff is ineligible for adjustment under 8 U.S.C. § 2255(a) because he is not "admissible to the United States for permanent residence." 8 U.S.C. § 2255(a).

### 2. Plaintiff Failed to Present Himself For Inspection

Even if Plaintiff were not a stowaway, he is still ineligible for adjustment because he failed to present himself for inspection. A procedurally proper entry requires the alien to "physically present[] [him]self for questioning and make[] no knowing false claim to citizenship." <u>In re Quilantan</u>, 25 I&N Dec. 285, 293 (BIA 2010). An alien who enters the country without inspection by an immigration officer is deemed "inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i). Plaintiff concedes that he entered the country without inspection, Third Am. Compl. ¶ 33, and states further that he "actually and intentionally evaded inspection by an immigration officer at the nearest inspection point," <u>id.</u> ¶ 34.

Therefore, Plaintiff is inadmissible not only because of his status as a stowaway, but also because he has not been legally admitted to the United States. <u>See</u> 8 U.S.C. §

7

1182(a)(6)(A)(i). Accordingly, Plaintiff is ineligible for adjustment of status pursuant to 8 U.S.C. § 1255(a) regardless of his status as a stowaway, because he entered the country without inspection.

### 3. An Immigrant Visa is No Longer Immediately Available to Plaintiff

Finally, Plaintiff is also ineligible for adjustment of status because his I-140 Petition has been revoked. Under § 1255(a), the Attorney General only has discretion to adjust an alien's status if, among other things, the "alien is eligible to receive an immigrant visa . . . [and] . . . an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a)(2)-(3). Similarly, § 1255(i) allows the Attorney General to adjust an alien's status only if the "alien is eligible to receive an immigrant visa . . . [and] . . . an immigrant visa is immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2)(A)-(B).

Plaintiff alleges that an immigrant visa is immediately available to him because he is the beneficiary of an approved third preference immigrant visa petition, with a current priority date. Third Am. Compl. ¶¶ 19-21. However, on the same day Plaintiff filed his Third Amended Complaint, Defendants revoked his I-140 Petition for alien worker based on a finding that he was not in fact employed by the employer for which he claimed to work as part of his petition. See Exhibit 3 to Motion [DE 47-4].

Therefore, Plaintiff is no longer the beneficiary of an approved visa petition, and an immigrant visa is no longer immediately available to him. Accordingly, Plaintiff is ineligible for adjustment of status not only because he is a stowaway, but also because he failed to present himself for inspection upon arrival to the United States and because his I-140 Petition has been revoked.

### B. The Court Lacks Jurisdiction to Review USCIS's Decisions

Plaintiff's Third Amended Complaint seeks judicial review of USCIS's decision to deny his I-485 Petition, and his Response requests review of USCIS's decision to revoke his I-140 Petitioner. Section 1252(a)(2)(B) bars review of both decisions. See 8 U.S.C. § 1252(a)(2)(B)(i), (ii). Specifically, § 1252(a)(2)(B) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title . . . [or] . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . ." § 1252(a)(2)(B)(i), (ii); see also Kukana v. Holder, 130 S. Ct. 827, 832 n.3, 836-37 (2010) (discussing § 1252's bar of judicial review of discretionary decisions when Congress has laid out the Attorney General's discretionary authority in the statute); Sands v. U.S. Dep't of Homeland Sec., 308 Fed. App'x 418, 419 (11th Cir. 2009) (holding district court correctly concluded that it did not have jurisdiction to review visa revocations under § 1155). USCIS's denial of Plaintiff's I-485 Petition to Adjust Status and USCIS's revocation of Plaintiff's I-140 Petition were discretionary decisions assigned to the Attorney General. Therefore, this Court does not have jurisdiction to review these decisions.

As Plaintiff points out, the APA permits a court to "hold unlawful and set aside agency action, findings, and conclusions," 5 U.S.C. § 706(2), in certain situations. However, Plaintiff has not demonstrated that any of these situations apply here.[2] See

---

[2] Plaintiff's Response argues that Defendants failed to provide proper notice of their intent to revoke the I-140 Petition and the actual revocation. Although 8 U.S.C. § 1155 used to require notice, it now allows a visa petition to be revoked "at any time." Id. Accordingly, no such notice was required. See id.; see also Jilin Pharm. USA, Inc. v.

id. The Court therefore declines to review any discretionary decisions regarding USCIS's decisions, in accordance with 8 U.S.C. § 1252(a)(2)(B).

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint [DE 47] is **GRANTED**. Plaintiff's Third Amended Complaint [DE 46] is hereby **DISMISSED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff may file a Fourth Amended Complaint or a Notice of Voluntary Dismissal by no later than **May 5, 2011**. Defendants' Answer will be due 15 calendar days from the filing of a Fourth Amended Complaint. **Plaintiff's failure to file a Fourth Amended Complaint will result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 22nd day of April, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

Chertoff, 447 F.3d 196, 203 (3d Cir. 2006). Section 1155's implementing regulations do state that revocation should only be made "on notice to the petitioner or self-petitioner," 8. C.F.R. § 205.2(b), but this regulation does render the USCIS decision reviewable in federal court, see Abdelwahab v. Frazier, 578 F.3d 817, 821 n.6 (8th Cir. 2009) ("if the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable").